**Joan L. MORTENSEN, Plaintiff and Respondent,**

v.

**Hugh LeFEVRE, Defendant and Appellant.**

No. 18863.

Supreme Court of Utah.

Dec. 5, 1983.

Dexter L. Anderson, Fillmore, for defendant and appellant.

Hans Q. Chamberlain, Cedar City, for plaintiff and respondent.

PER CURIAM:

Defendant, owner of a tractor of ancient vintage, appeals from a $200 judgment for trespass, $800 rental value of property where the tractor was stored, and $800 for punitive damages. Defendant claims the trial judge erred in rejecting his alleged defenses in that (a) he was privileged to retrieve his tractor; (b) no rent had been charged and no one had been inconvenienced; and (c) there was no malice, wantonness or fraud in the tractor's placement on the property.

---

The defendant had bought the tractor, used, in the "sixties." In 1972, he parked it in the Parowan City lot from which it disappeared in 1973. It was later found in some "sagebrush ground" on the outskirts of Parowan, inoperable and abandoned. Attempts to start and remove it failed. The site had been purchased by plaintiff in 1972 at a tax sale. The tractor sat there four years when the defendant, aware of the ownership of the land and without any notice to plaintiff, bulldozed a ramp to remove the tractor. Defendant releveled the ground, destroying considerable growth, and took the machine while plaintiff was not home.

■ The record reflects believable, admissible evidence justifying an affirmance of the trial court's finding of trespass. The evidence does not support defendant's claim of "privileged entry." In support of his claim, defendant points to the Restatement of Torts, Second, § 198. The Restatement's "commentaries" suggest that if the principle of privileged entry is involved, it requires reasonable notice to the landowner. Under the facts of this case, the error claimed is without merit, since no notice was given.

■ As to the question of storage costs on an implied contract theory,[1] $800 for four years storage appears to be reasonable. This was attested to by an expert in this case.

■ As to the $800 exemplary damage award, we are constrained to conclude that it was unwarranted. The court itself found there was no malice, wantonness, reckless indifference or fraud. There was evidence of an unsuccessful effort to advise the plaintiff of defendant's title to the tractor and desire to retrieve it.

The judgment is affirmed, except for the punitive damages awarded, which part is reversed. Costs on appeal to plaintiff.

HOWE, J., dissents.

---

1. *See Rapp v. Salt Lake City,* Utah, 527 P.2d 651 (1974).